**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK L. LASLEY,

Defendant - Appellant.

No. 09-3336
(D. Ct. No. 2:08-CR-20082-JWL-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **TACHA**, and **BALDOCK**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Derrick L. Lasley entered a conditional plea of guilty to one count of possessing 50 grams or more of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Pursuant to his plea agreement, Mr. Lasley reserved the right to appeal the district court's denial of his motion to

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

suppress. He now appeals that ruling. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

During the early morning of April 24, 2008, Kansas City, Kansas police officer David Sunderman observed a vehicle, which Mr. Lasley was driving, fail to stop at a stop sign. Officer Sunderman followed the vehicle onto an interstate, ran the vehicle's tag, and initiated a traffic stop. While asking Mr. Lasley for his driver's license, Officer Sunderman observed a front-seat passenger pushing an object between his seat and the door. A subsequent check of Mr. Lasley's records revealed that he had a warrant for his arrest. Accordingly, Officer Sunderman placed him in custody.

At that point, Officer Michael Moulin arrived on the scene to assist Officer Sunderman. The officers conducted a search incident to arrest which revealed crack cocaine and marijuana in Mr. Lasley's pants. Officer Sunderman then arrested the passenger pursuant to an outstanding warrant that was discovered during the course of the stop. A subsequent search of the vehicle revealed more crack cocaine in the area between the passenger seat and the passenger door.

Mr. Lasley was charged in a three-count indictment with: (1) possession of 50 grams or more of crack with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2; (2) possession of marijuana in violation of 21 U.S.C. § 844(a); and (3) possession of crack with intent to distribute in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(C).[1]  Mr. Lasley filed a motion to suppress the drugs found on his person and in his vehicle, challenging the legality of the initial traffic stop and the scope of the subsequent search incident to arrest.

During the suppression hearing, Officer Sunderman and Mr. Lasley provided different accounts of the traffic stop and the subsequent search.  Officer Sunderman testified that he observed Mr. Lasley roll through the stop sign without coming to a complete stop, and that he discovered the crack on Mr. Lasley's person hanging out of the waistband of his pants during a pat-down search.  He further testified that after finding the crack, he pulled back the front of Mr. Lasley's waistband and discovered the marijuana deeper in his pants.  Mr. Lasley, however, testified that he made a complete stop at the stop sign, and he claimed that the crack cocaine discovered on his person was not hanging out of his waistband, but was concealed under his genitals.  Thus, Mr. Lasley alleged that the search which revealed the crack was much more invasive than the pat-down search Officer Sunderman described.

The district court found Officer Sunderman credible, remarked that his account of the incident was "extremely believable," and found Mr. Lasley's divergent account of the incident to be unconvincing.  Specifically, the court found that Officer Sunderman observed Mr. Lasley run the stop sign, and that the officers discovered the crack cocaine hanging out of Mr. Lasley's waistband rather than under his genitals.  In the alternative,

---

[1]Count 3 arose from an incident that occurred more than a month before Officer Sunderman arrested Mr. Lasley.  That incident is not the subject of this appeal.

the court held that because Mr. Lasley was legally arrested, the crack cocaine found on his person would have inevitably been discovered during a subsequent search, even if it were concealed in the manner Mr. Lasley alleged. Accordingly, the court denied Mr. Lasley's motion to suppress.

Mr. Lasley then conditionally pleaded guilty to Count 1 of the indictment, preserving his right to appeal the denial of his motion to suppress. The government dismissed the remaining counts. Mr. Lasley was subsequently sentenced to 120 months' imprisonment, and this appeal followed.

## II. DISCUSSION

Mr. Lasley raises two arguments on appeal. First, he challenges the factual basis for the traffic stop, arguing that the district court clearly erred in finding that Officer Sunderman observed him violate a traffic law. Second, he contends that the search of his person exceeded the permissible scope of a search incident to arrest. We address each of Mr. Lasley's arguments in turn.

### A. Standard of Review

"We review de novo the reasonableness of a search or seizure under the Fourth Amendment." *United States v. Worthon*, 520 F.3d 1173, 1178 (10th Cir. 2008). "In reviewing the district court's denial of a motion to suppress, we review the court's factual findings for clear error and view the evidence in the light most favorable to the government." *Id*. "A finding of fact is not clearly erroneous unless it is without factual support in the record, or unless the court after reviewing all the evidence, is left with a

- 4 -

definite and firm conviction that the district court erred." *United States v. Apollo Energies, Inc.*, 611 F.3d 679, 683–84 (10th Cir. 2010). Moreover, "when there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Toro-Pelaez*, 107 F.3d 819, 824 (10th Cir. 1997) (quotations omitted).

B.     The Traffic Stop

Mr. Lasley's challenge to the initial traffic stop is purely factual. Indeed, he does not assert that, accepting Officer Sunderman's testimony as true, the officer did not have reasonable suspicion to initiate a traffic stop. Rather, Mr. Lasley contends that, as a matter of fact, he did not run a stop sign, and that Officer Sunderman's testimony to the contrary was not credible.

To begin, there is support in the record for the district court's specific finding that Officer Sunderman observed Mr. Lasley run a stop sign. Officer Sunderman unequivocally testified to that effect, and in the plea agreement, Mr. Lasley stipulated that "[o]n April 24, 2008, at approximately 3:52 a.m., Officer Sunderman . . . observed a silver Mitsubishi fail to stop at a posted stop sign." Furthermore, Mr. Lasley does not point to any evidence in the record that leaves this court with a definite and firm conviction that the district court erred in its factual finding. Finally, Mr. Lasley's challenge to the district court's credibility determination is misplaced, because we do not reassess the credibility of witnesses on appeal. *United States v. Avery*, 295 F.3d 1158, 1167 (10th Cir. 2002). For these reasons, the district court did not clearly err in

determining that the traffic stop was premised on an observed traffic violation.

      C.      <u>The Search Incident to Arrest</u>

Mr. Lasley's challenge to the search of his person is both factual and legal.  He contends that the district court clearly erred in finding that during the search incident to arrest, the officers discovered crack cocaine hanging out of Mr. Lasley's waistband. Instead, Mr. Lasley maintains that the drugs found on his person were concealed behind his genitals, and that the officers therefore engaged in an invasive search to discover them.  He contends that such an invasive search exceeded the permissible scope of a search incident to an arrest for traffic warrants.

Even assuming that the drugs were concealed in the manner Mr. Lasley suggests, and that they were discovered pursuant to a full search of Mr. Lasley's person, the search was permissible.  The Supreme Court has long held that "in the case of a lawful custodial arrest a *full search of the person* is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment."  *United States v. Robinson*, 414 U.S. 218, 235 (1973) (emphasis added).  The Court has also indicated that the permissible scope of a search incident to arrest is not necessarily defined by the existence or absence of evidence of the particular crime for which the arrest is made.  *See id*. at 234 ("The standards traditionally governing a search incident to lawful arrest are not [] commuted to the stricter Terry standards by the absence of probable fruits or further evidence of the particular crime for which the arrest is made.").

Additionally, we have upheld a search incident to arrest in circumstances similar to

those presented by this case. In *United States v. McKissick*, 204 F.3d 1282, 1296 (10th Cir. 2000), the defendant challenged a search incident to arrest in which officers discovered cocaine concealed in his groin area. He challenged the search on the grounds that it was "an invasive search conducted with [the defendant's] pants pulled down, in full view of the public." *Id.* There, we held that the officer "was justified in conducting a full, warrantless search of [the defendant's] person incident to his arrest, and the discovery of the cocaine on [the defendant's] person was the result of a lawful search incident to arrest." *Id.* at 1297.

Here, Mr. Lasley does not challenge the legality of his arrest. And, because he was lawfully in custody, the officers were permitted to conduct a full search of his person. Therefore, the scope of the search incident to Mr. Lasley's arrest was permissible, even if we assume that it was executed in the manner he claims.

### III. CONCLUSION

For the foregoing reasons, we conclude that the district court correctly denied Mr. Lasley's motion to suppress. Accordingly, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge